IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN BREWER, a/k/a MICHAEL GREEN, | No. C-11-2703 TEH (PR) |
| Plaintiff, | |
| v. | ORDER OF DISMISSAL |
| ALTA BATES SUMMIT MEDICAL CENTER, et. al., | |
| Defendant(s). | (Doc. ## 3 & 12) |

Plaintiff Kevin D. Brewer, a/k/a Michael Green, currently a prisoner at Mule Creek State Prison, filed in this Court a pro se civil action against Alta Bates Summit Medical Center. This action is now before the Court for review under 28 U.S.C. § 1915A.

I

In his Complaint, Plaintiff discusses having a medical procedure done at Alta Bates Summit Medical Center on his thumb that unexpectedly resulted in a partial amputation of that thumb. He alleges the following: On November 18, 2007, Plaintiff was admitted to Alta Bates Medical Center for an incision and drainage of his

right thumb. On November 20, 2007, the incision and drainage procedure, during which Plaintiff was unconscious, was performed by Dr. Rebecca Yu. Due to alleged negligence by multiple Defendants, Plaintiff had to have a right thumb partial amputation during that procedure. Plaintiff refers to the doctrine of <u>res ipsa loquitur</u> throughout his Complaint as an apparent basis on which to hold Defendants liable. It cannot be determined from the Complaint whether Plaintiff was in custody at the time of the incident, i.e., whether he went to the hospital as a jail inmate or a free citizen. <u>See</u> Doc. #1.

II

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. <u>See</u> 28 U.S.C. § 1915A(a). In its review the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. <u>See</u> <u>id.</u> at § 1915A(b). Even if 28 U.S.C. § 1915A does not apply – as, for example, occurs when the prisoner-plaintiff does not seek redress from a governmental entity or officer or employee of a governmental entity – 28 U.S.C. § 1915 permits the Court to review a complaint filed <u>in forma pauperis</u> and dismiss the action if the complaint fails to state a claim upon which relief may be granted. <u>See</u> 28 U.S.C. § 1915(e)(2)(B)(ii). <u>Pro se</u> pleadings must be

2

liberally construed. See Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990).

### III

Federal courts are courts of limited jurisdiction. As relevant here, the Court has jurisdiction to entertain this action only if it raises a federal question, such as a civil rights claim asserted under 42 U.S.C. § 1983. (There are other federal statutes that grant other bases of federal court jurisdiction, but none are applicable to this action.) In simple terms, this action may proceed in federal court if a claim is stated under 42 U.S.C. § 1983; if the Complaint does not state a claim under that federal statute, Plaintiff's only redress is to file a new action in state court alleging violations of state tort law.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a person acting under the color of state law (2) violated a right secured by the Constitution or laws of the United States. See West v. Atkins, 487 U.S. 42, 48 (1988). As set forth below, Plaintiff's Complaint fails on both prongs.

First, Plaintiff has not alleged that any Defendant was a person acting under the color of state law. A private individual does not act under color of state law – an essential element of a 42 U.S.C. § 1983 action. See Gomez v. Toledo, 446 U.S. 635, 640 (1980). Purely private conduct – no matter how wrongful – is not covered under 42 U.S.C. § 1983. See Van Ort v. Estate of Stanewich,

3

92 F.3d 831, 835 (9th Cir. 1996). Plaintiff's 42 U.S.C. § 1983 action thus fails to state a claim on which relief may be granted because the alleged wrong was not done by a state actor. If Alta Bates or Dr. Yu or some other one of the Defendant health care providers named by Plaintiff was under contract to provide services for the jail – assuming Plaintiff was in custody at the time – that entity or person might be a state actor, but even if so, that would only take care of one of the two elements required for a 42 U.S.C. § 1983 action.

Second, Plaintiff's Complaint does not allege a violation of a right secured by the Constitution or laws of the United States. The facts he alleges show, at most, negligence by the doctor who performed the procedure on Plaintiff's thumb. Indeed most of the citations in the Complaint are to state statutes covering tortious conduct. Neither negligence nor gross negligence is actionable in the prison context under 42 U.S.C. § 1983. See Farmer v. Brennan, 511 U.S. 825, 835-36 & n.4 (1994); Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990) (gross negligence insufficient to state claim for denial of medical needs to prisoner). Nor is negligence actionable under 42 U.S.C. § 1983 outside of the prison context. The Constitution does not guarantee due care on the part of state officials; liability for negligently-inflicted harm is categorically beneath the threshold of constitutional due process. See County of Sacramento v. Lewis, 523 U.S. 833, 849 (1998). The Eighth Amendment's prohibition of cruel and unusual punishment applies to prison medical care (and the Fourteenth Amendment's right to due

4

process applies to jail medical care); however, an Eighth Amendment or Fourteenth Amendment violation occurs only if there is deliberate indifference to a known risk to a prisoner's serious medical condition. Even with liberal construction, Plaintiff's Complaint does not allege deliberate indifference to a medical need because that high standard requires that the Defendant actually know, and act in conscious disregard, of a serious risk to Plaintiff's health. Plaintiff's Complaint plainly shows that he does not know what went wrong that caused him to have a partial amputation, but only that it was not what he expected or consented to when he signed up for an incision and drainage of his right thumb. This, in turn, shows that he would not be able to amend to allege an Eighth or Fourteenth Amendment claim. Accordingly, the Complaint will be dismissed without leave to amend for failure to state a claim upon which relief may be granted.

Plaintiff is advised that he may have a negligence claim, but that claim must be pursued in state court if at all. As for Plaintiff's requests that a lawyer be appointed to help him proceed with his action, <u>see</u> Doc. ## 3 & 12, Plaintiff is further advised that this Court will not appoint a lawyer for him because this action is being dismissed and this court does not appoint lawyers to represent plaintiffs in state court. If Plaintiff wishes to obtain a lawyer to help him with a state court action, he may write to local bar associations (i.e., the local lawyers' associations) or to the local superior court to see if it has a lawyer referral service or is able to provide him with forms to use in that court. Finally,

5

1  Plaintiff is further advised that he should act diligently to
2  preserve his legal rights, if any, in state court.

                                    IV
          For the foregoing reasons, this action is DISMISSED
without leave to amend.  The dismissal of this action is without
prejudice to plaintiff filing a new action in state court.
          The clerk is directed to terminate any pending motions as
moot and to close the file.

          IT IS SO ORDERED.
DATED     10/18/2011                _____
                                    THELTON E. HENDERSON
                                    United States District Judge

G:\PRO-SE\TEH\CR.11\Brewer-11-2703-dismissal.wpd

6